IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFTON WILLIAMS, SR.,

        Plaintiff,                        No. CIV S-07-1481 WBS KJM P

    vs.

MICHAEL PORTER, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

                         /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed November 16, 2007, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1   A claim is legally frivolous when it lacks an arguable basis either in law or in
2  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.
5  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint, or portion thereof, should only be dismissed for failure to state a
9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13 complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17   Plaintiff challenges certain procedures used by the California Board of Parole
18 Hearings.  But plaintiff fails to point to any facts suggesting he is being denied a right arising
19 under federal law.  Therefore, the court will recommend that plaintiff's amended complaint be
20 dismissed for failure to state a claim upon which relief can be granted.  Because the court has
21 already provided plaintiff with information as to how to state a valid claim for relief and plaintiff
22 still has not cured the deficiencies in his pleadings, the court will not grant plaintiff leave to file a
23 second amended complaint.

24   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
25 failure to state a claim upon which relief can be granted.
26 /////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 25, 2008.

_____
U.S. MAGISTRATE JUDGE

1

clif1481.frs